IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER JESSIE HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIV-19-874-F |
| | ) |
| MUSKOGEE CITY OF POLICE DEPARTMENT, et. al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

Plaintiff, a state pre-trial detainee appearing *pro se*, initiated this action under 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. Doc. No. 1. ("Comp.") United States District Judge Stephen P. Friot has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Following the requisite screening of Plaintiff's Complaint, the undersigned recommends the transfer of this action to the United States District Court for the Eastern District of Oklahoma.

I. Plaintiff's Claims

Plaintiff is a pretrial detainee held in the Muskogee County Detention Center located in Muskogee, Oklahoma. Comp. at 4. By this lawsuit, he complains that he has been wrongfully arrested and charged with failure to register as a sex offender and assault and battery by the Muskogee County Police

Department. *Id.* at 4, 7-8; *see also* Oklahoma State Courts Network, District Court for Muskogee County, Case Nos. CF-2019-150[1] and CF-2019-447[2], respectively. He has named as Defendants in this matter the Muskogee City Police Department, City of Muskogee Police Officer Jeremy Garcia, and Assistant District Attorney Nalani Ching. Comp. at 4-5, 7, 8.

II. Screening of Prisoner Complaints

A federal district court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). After conducting an initial review, a court must dismiss a complaint or any portion of it presenting claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

Additionally, one aspect of screening is reviewing whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted). "[T]he court acting on its own motion, may

---

[1] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=muskogee&number=CF-2019-00150&cmid=23701
[2] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=muskogee&number=CF-2019-00447&cmid=316573

raise the issue of whether a change of venue would be in the interest of justice." *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010).

III. Analysis

"[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action . . . ." 28 U.S.C. § 1390(a). The proper venue for Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1), (2).

Venue for this matter lies in the Eastern District of Oklahoma. Based on the Complaint, it appears every "part of the events or omissions giving rise to [Plaintiff's] claim[s] occurred" occurred in Muskogee County, Oklahoma. The County of Muskogee, State of Oklahoma is located within the Eastern District of Oklahoma. 28 U.S.C. § 116(b).[3] Thus, venue is proper in that court. 28 U.S.C. § 1391(b)(2).

---

[3] The undersigned judicially notices the location of Muskogee County, Oklahoma. *See* Fed. R. Evid. 201(b); *see also United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial . . . .").

## RECOMMENDATION

The undersigned recommends the transfer of this action to the United States District Court for the Eastern District of Oklahoma.  Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by  October 10th , 2019, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.  *Moore v. United States of America*, 950 F.2d 656 (10th Cir. 1991); *see, c.f.*, *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Dated this   20th   day of    September, 2019.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE