# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER JESSIE HALL, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 19-356-RAW-SPS |
| MUSKOGEE CITY POLICE DEPARTMENT, JEREMY GARCIA, and NALANI CHING, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff is a pretrial detainee proceeding *in forma pauperis* who is incarcerated in the Muskogee County Jail in Muskogee, Oklahoma. At the direction of the Court (Dkt. 10), he filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 11). The defendants are the Muskogee Police Department; Officer Jeremy Garcia of the Muskogee Police Department; and Nalani Ching, Muskogee County prosecutor. He is seeking compensation for his mental anguish, attorney and court costs, and bonds, as well as dismissal of his pending charges and removal from the sex offender registry list.

Plaintiff alleges that, without an investigation and because of a "computer qulich" [sic], on March 5, 2019, he was unlawfully arrested and charged with failure to register as a sex offender (Dkt. 11 at 5). He also asserts Defendant Garcia defamed his character by telling Plaintiff's neighbors that he had been "arrested as an incompliant sex offender & assault battery w/ deadly and placed my name address & picture all over the news stations." *Id.* (errors in original).

Plaintiff further complains that on May 30, 2019, there was no follow-up investigation, and the "victim/witness made conflicting statements [and] prejuried [sic]

himself on stand during investigation." *Id*. at 6.  In addition, Plaintiff claims he was falsely arrested, because Defendant Garcia stated he had known Plaintiff's address for 14 months, and Plaintiff had been on a "delinquent list" since July 20, 2017.  *Id.*  Further, there had been an outstanding warrant for Plaintiff by the Oklahoma Department of Corrections, although he was not under DOC supervision or required to register.  *Id.*

According to the Oklahoma State Courts Network, Plaintiff has pending charges in Muskogee County District Court Case Nos. CF-2019-150 (Failure to Register as a Sex Offender) and CF-2019-447 (Assault and Battery with a Deadly Weapon).[1]

**Dismissal Standards**

Federal courts must engage in a screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).  To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the

---

[1] The Court takes judicial notice of the Oklahoma State Courts Network at www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Discussion**

As an initial matter, Plaintiff's claim for his mental anguish is not viable. "No Federal

3

civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e). While claims for mental and emotional distress can be brought pursuant to § 1983, § 1997e(e) provides that "such a suit cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms." *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999) (quotations omitted). Plaintiff has not made this showing.

Further, to the extent Plaintiff is alleging a claim for defamation, there is no § 1983 cause of action for defamation. *See Siegert v. Gilley*, 500 U.S. 226, 234 (1991) (stating that there is no "constitutional protection for the interest in reputation"). Therefore, this claim also is meritless.

Next, the Court finds Defendant Muskogee Police Department is not a proper party in this civil rights action. "Courts routinely dismiss § 1983 claims that name and seek to impose liability directly upon municipal and county police departments because police departments are not separate suable entities." *Harper v. City of Cortez*, No. 14-2984-KLM, 2015 WL 4720311, at *5 (D. Colo. Aug. 10, 2015) (citing cases) (unpublished). *See also Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985), *vacated on other grounds by Tyus v. Martinez*, 475 U.S. 1138 (1986) ("The 'City of Denver Police Department' is not a separate suable entity").

Regarding Defendant Nalani Ching, Muskogee County prosecutor, she is entitled to prosecutorial immunity. A prosecutor possesses prosecutorial immunity from § 1983 lawsuits for damages which are predicated on her performance of functions "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993).

4

To the extent Plaintiff seeks compensatory damages for his alleged arrest and pending criminal charges, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). Because judgment for Plaintiff in this § 1983 suit "would necessarily imply the invalidity of his [criminal charges], . . . the complaint must be dismissed unless the plaintiff can demonstrate that the [charges have] already been invalidated." *Id*. Plaintiff has not made this showing.

**ACCORDINGLY,** this action is DISMISSED in its entirety for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as a "PRIOR OCCASION" or "STRIKE," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 9th day of December 2019.

Ronald A. White
United States District Judge
Eastern District of Oklahoma